ORDER
FORDHAM, JUDGE:
An application of the claimant, Carolyn S. Taylor, for an award under the West Virginia Crime Victims Compensation Act, was filed April 11,2005. The report of the Claim Investigator, filed September 2, 2005, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on December 9, 2005, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed January 20, 2006
An application of the claimant, Mark Alan Taylor, for an award under the West Virginia Crime Victims Compensation Act, was filed April 20,2005. The report of the Claim Investigator, filed October 5, 2005, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on January 16, 2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed January 20, 2006.
These matters came on for hearing April 19, 2006, having been consolidated into one hearing since both claims arose from the same incident. The claimants appeared in person, and Assistant Attorney General Ronald R. Brown, appeared for the State of West Virginia.
On April 25, 2003, 23-year-old Mark Alan Taylor and his mother, 52-year-old Carolyn S. Taylor, were the victims of criminally injurious conduct in Camden Hill, Lewis County. The claimants were stopped in their vehicle when the offender, Michelle Harris, drove the vehicle she was operating into the rear of the claimants’ vehicle.
This Court’s initial denial of an award was based on the Court’s finding that there was no evidence of criminally injurious conduct as required by the statute. W.Va. Code §14-2A-3(c) states: “Criminally injurious conduct does not include conduct arising out of the ownership, maintenance or use of a motor vehicle, except when the person engaging in the conduct intended to cause personal injury or death, or except when the person engaging in the conduct committed negligent homicide, driving under the influence of alcohol, controlled substances or drugs, or reckless driving.”
Mark Taylor testified at the hearing of this matter that on the afternoon of the incident, he and his mother were traveling along Route 33 in Camden Hill, Lewis County. Mr. Taylor stated that he had stopped because another vehicle was making a *201 right-hand turn ahead of them. He then heard brakes, or “tires sliding,” and the vehicle driven by Michelle Harris struck them from behind. Mr. Taylor stated that Ms. Harris had apparently been playing with her daughter and not paying attention to the road. The police report noted that Ms. Harris was “following too closely” as a contributing cause of this accident. As a result of the crash, Mr. Taylor suffered a whiplash injury and Ms. Taylor sustained neck and back injuries.
The Claim Investigator’s original finding was that the claimant was not a victim of criminally injurious conduct as required by the statute. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimants ’ burden to prove by a preponderance of the evidence that there was criminally injurious conduct in this incident The Court is of the opinion that the claimants did not meet this burden. There was no evidence that the offender’s actions fell within any of the four exceptions that relate to the use of a motor vehicle under § 14-2A-3(c). Based on the foregoing, the Court must deny these claims.
The Court is constrained by the evidence to stand by its previous rulings; therefore, these claims must be, and are hereby, denied.